******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* LEON MERCER
(AC 40875)

Lavine, Prescott and Bright, Js.

*Syllabus*

Convicted of the crimes of sexual assault in the first degree and unlawful restraint in the first degree, the defendant appealed to this court. He claimed that he was deprived of his constitutional rights to due process and effective assistance of counsel during the plea bargaining stage of the proceedings because the state initially charged him with a crime predicated on its misunderstanding of the victim's age. *Held* that the record lacked basic information required for a review of the defendant's claim and, thus, was inadequate to conduct a meaningful review of his claim: the defendant did not cite a single specific instance of deficient performance by his trial counsel and, instead, argued that the plea offer to him was probably more severe than what it would have been if the victim's true age had been known to the court and the prosecutor, and that his trial counsel was unable to provide competent legal assistance because he was proceeding on the basis of misinformation about the charges, and there was no evidence showing that, even if a more favorable plea offer had been made, the defendant would have accepted it; moreover, an evidentiary hearing in the proper forum would provide the trier of fact with the evidence that is necessary to evaluate the competency of the assistance of counsel and the harmfulness, if any, to the defendant due to any deficiency in counsel's performance.

Argued May 21—officially released July 16, 2019

*Procedural History*

Substitute information charging the defendant with the crimes of sexual assault in the first degree and unlawful restraint in the first degree, brought to the Superior Court in the judicial district of Fairfield, geographical area number two, and tried to the jury before *Dennis, J.*; verdict and judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Richard Emanuel*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *John Smriga*, state's attorney, and *Marc Durso*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Leon Mercer, appeals from the judgment of conviction, rendered following a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and unlawful restraint in the first degree in violation of General Statutes § 53a-95. On appeal, the defendant claims that he was deprived of his constitutional rights to due process and effective assistance of counsel during the plea bargaining stage of the proceedings because the state initially charged him with a crime predicated on its misunderstanding of the victim's age.[1] We are unable to reach the merits of the defendant's appeal due to an inadequate record. Accordingly, we affirm the judgment of the trial court.

The following facts, as reasonably could have been found by the jury, procedural history, and information relating to the defendant's charges are relevant to our resolution of this appeal. On April 4, 2014, the defendant and his wife, Andrea Mercer (Mercer) were with Tangela S. (Tangela),[2] Mercer's half-sister, and other guests, at Tangela's apartment. They all left the apartment to drink wine at the Ramada Inn, leaving Tangela's six children, including the sixteen year old victim, and the two children of one of the guests in the apartment. The adults returned from the Ramada Inn at approximately 1 a.m. on April 5, 2014. The victim awoke when they entered.

The defendant was drunk, behaving in an obnoxious manner, and insulting Mercer. One of the other guests told him to leave, and the defendant stated that he was going to his car. Instead of leaving the apartment and going to his car, however, the defendant entered the bedroom where the victim was located. He and the victim engaged in conversation before the defendant pulled the covers off the victim's legs and started rubbing them. The victim repeatedly tucked the blankets back under her in an effort to stop the defendant from rubbing her legs and told the defendant to leave. The defendant pulled the covers off her, turned her over, put his hand over her nose and mouth, unbuttoned her pants, and forcibly touched her clitoris. Not long after, Tangela and Mercer walked down the hallway toward the bedroom. The defendant jumped up, rushed out of the bedroom, and quickly left the apartment. The victim told her mother what the defendant had done, and Tangela reported it to the police.

On August 27, 2015, the defendant was arrested. Because the state thought that the victim was under the age of sixteen at the time of the incident, the state's September 14, 2015 long form information charged the defendant with sexual assault in the first degree in violation of § 53a-70 (a) (1), unlawful restraint in the first degree in violation of § 53a-95, and risk of injury

to a child in violation of General Statutes § 53-21 (a) (2). The age of the victim is an important factor in determining the severity of the charges. Sexual assault in the first degree, in violation of § 53a-70 (a) (1), is a class A felony, rather than class B, if the victim is under the age of sixteen,[3] and a necessary element for the charge of risk of injury to a child in violation of § 53-21 (a) (2) is that the victim is under sixteen.[4]

On March 11, 2016, the defendant rejected a plea offer of ten years incarceration, execution suspended after four years, in connection with those three charges and proceeded to trial. On April 27, 2017, the first day of jury selection, the state filed a substitute long form information in which it additionally charged the defendant with sexual assault in the fourth degree for "subject[ing] another person, under sixteen (16) years of age, to sexual contact without such person's consent" in violation of General Statutes § 53a-73a (a) (2).[5] It was not until after court adjourned for the day on April 27, 2017, that the state confirmed that the victim was sixteen—not fifteen as it had previously erroneously believed—at the time of the incident.

On April 28, 2017, the second day of jury selection,[6] the state filed a substitute amended information that charged the defendant with sexual assault in the first degree in violation of § 53a-70 (a) (1), sexual assault in the fourth degree for in violation of § 53a-73a (a) (2),[7] and unlawful restraint in the first degree in violation of § 53a-95, correcting the charges as to the victim's age.

Following a trial, the jury found the defendant guilty of sexual assault in the first degree and unlawful restraint in the first degree. The court sentenced the defendant to a total effective term of twelve years of incarceration, execution suspended after five years, two years of which were mandatory, and ten years of probation. The defendant appealed.

The defendant's overarching claim on appeal is that he was deprived of his right to effective assistance of counsel. "Our Supreme Court has held that, [a]lmost without exception . . . a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal, because of the need for a full evidentiary record for such [a] claim. . . . *Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible.* The evidentiary hearing provides the trial court with the evidence which is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency. . . . [O]n the rare occasions that we have addressed an ineffective assistance of counsel claim on direct appeal . . . we have limited our review to situations in which the record of the trial court's allegedly improper action was adequate for review or the issue presented was a question of law,

not one of fact requiring further evidentiary development. . . . Our role . . . is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. Without a hearing . . . any decision of ours . . . would be entirely speculative." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Leon*, 159 Conn. App. 526, 531–32, 123 A.3d 136, cert. denied, 319 Conn. 949, 125 A.3d 529 (2015).

The defendant does not cite a single specific instance of deficient performance by his trial counsel. Rather, he argues that the plea offer was "probably more severe than what would have been offered if the [victim's] true age had been known to the court and [the] prosecutor," and that his counsel was unable to render competent legal assistance during the plea bargaining process because "the attorney [was] proceeding on the basis of misinformation about the charges—and possible penalties."

As previously stated in this opinion, an evidentiary hearing in the proper forum provides a trier of fact with the evidence that is necessary to evaluate the competency of the assistance of counsel and the harmfulness, if any, to the defendant due to any deficiency in counsel's performance. See id. In the present case, the record is lacking basic information required for us to review the defendant's claim—especially as we have no evidence before us that, even if a more favorable plea offer had been made, as the defendant argues and speculates, he would have accepted it.

We, therefore, conclude that the record is inadequate for us to conduct a meaningful review.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant's due process claim is integrated within his claim of ineffective assistance of counsel and is not raised or briefed separately. We, therefore, construe and address the claim as a claim of ineffective assistance of counsel. See *Duncan* v. *Commissioner of Correction*, 171 Conn. App. 635, 669, 157 A.3d 1169, cert. denied 325 Conn. 923, 159 A.3d 1172 (2017).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[3] General Statutes § 53a-70 (b) (2) provides in relevant part: "Sexual assault in the first degree is a class A felony if the offense is a violation of subdivision (1) of subsection (a) of this section and the victim of the offense is under sixteen years of age . . . ." See also General Statutes § 53a-70 (b) (1) ("[e]xcept as provided in subdivision (2) of this subsection, sexual assault in the first degree is a class B felony").

[4] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[5] General Statutes § 53a-73a (b) provides: "Sexual assault in the fourth degree is a class A misdemeanor or, if the victim of the offense is under sixteen years of age, a class D felony."

[6] We note that on the first day of jury selection, three venirepersons were asked whether the fact that the victim was under the age of sixteen would

create a problem for them. Of the three venirepersons, the state and defense each exercised a preemptory challenge, and one venireperson was accepted as the first juror.

On appeal, the defendant raises an "incidental" claim that the error in the victim's age "*may*" have affected the exercise of peremptory challenges. (Emphasis in original.) Because defense counsel did not raise this issue in the trial court, and the record before us regarding the preemptory challenges is inadequate for review, we do not address it.

[7] The state later withdrew the charge of sexual assault in the fourth degree because the statute of limitations had expired.

---